IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.  10-CR-10178-03-WEB |
| | ) | |
| BEN KIRTLAND, | ) | |
| Defendant. | ) | |

## AMENDED MOTION FOR CONTINUANCE AND
## DESIGNATION OF EXCLUDABLE TIME

**COMES NOW** Ben Kirtland, by and through counsel Robin D. Fowler, and respectfully files this amended motion seeking an order from this Court continuing the briefing schedule, motion hearing and trial setting in the above-referenced case for at least 30 days, and designating excludable time.  The Court (Doc. 34) denied Mr. Kirtland's initial motion (Doc. 33) to continue, finding that the wrong Speedy Trial section was cited in the motion (18 U.S.C. 3161(h)(8), instead of 18 U.S.C. 3161(h)(7)), and further asking Mr. Kirtland to provide more specificity regarding the basis for his request for a continuance.  In support of this amended motion, Mr. Kirtland restates paragraphs one through seven of his original motion as a starting point for this amended motion, and then will attempt to provide the further information requested by the Court:

1.     An Indictment was filed in this case on November 17, 2010, and Mr. Kirtland was arraigned on December 8, 2010.

2.     Motions in this case are currently due on January 7, 2011, a motion hearing is set for February 2, 2011 at 10:00 a.m.; and a jury trial is scheduled for February 15, 2011.

3.    Discovery in this case is fairly extensive, and involves thousands of potentially relevant documents which have been obtained by the Government during its investigation.  Review of these documents by Mr. Kirtland and counsel will inevitably take a significant amount of time.

4.    Counsel for Mr. Kirtland has been, and currently is, preparing for trial on several other federal cases.  For example, *United States v. Bazan*, 09-CR-20135-KHV, is a complicated case involving the alleged poisoning of approximately 50 people, and is scheduled for trial on April 4, 2011.  Defendant's motions are due in this case on January 28, 2011.  Counsel also represents a defendant charged in 3 complex cases involving conspiracy, fraud and identity theft: *United States v. Beecham,* 10-CR193-FJG*; United States v. Burks,* 10-CR-194-FJG; and *United States v. Harrison*, 10-CR-195-FJG.  All three cases are complex, involve extensive amounts of discovery, and motions in these three cases are also due on January 28, 2011.  Trial in these cases is scheduled for June, April, and August, respectively.  Counsel also represents a defendant in *United States v. Pryor,* 10-CR-196-FJG, a fraud case similar to those described above.  Motions in *Pryor* are not currently set, but will likely be due in the very near future.  Trial in *Pryor* is scheduled for May 3, 2011.

5.    Given the types of cases discussed above, the deadlines in those cases, as well as other cases involving counsel, and in light of the extensive discovery in this case; additional time is necessary for counsel and Mr.

Kirtland to timely review the discovery in this case, determine what motions, if any, need to be filed, and otherwise prepare for trial.

6.     This is Mr. Kirtland's first request for a continuance in this matter.

7.     Counsel has discussed this continuance with Assistant United States Attorney Richard L. Hathaway, and he has no objection.

In its Order denying the continuance, the Court requested certain additional information regarding why the continuance was necessary.  Mr. Kirtland will attempt to address each of these areas below:

1.     Whether the Government was consulted concerning the motion?

  a.  As noted in the original motion, counsel for the Government, Assistant United States Attorney Richard L. Hathaway was consulted, and stated that he had no objection.

2.     Whether each defendant has been consulted personally, has been advised of his or her rights under the speedy trial act and consents to the motion?

a.     As the original motion stated, Mr. Kirtland has been advised of the above rights, and as the party seeking the continuance clearly consents.

b.     As to the other defendants, two of them (Rodney Jones and Kassie Liebsch) have already scheduled guilty pleas, and will not be affected by this request for a continuance.  The remaining two defendants, Thomas and Charlotte Blubaugh, have been consulted through their attorneys (Stephen E. Robison & David M. Rapp

respectively), and they have informed counsel for Mr. Kirtland on behalf of their clients that they have no objection to the requested continuance.

3.      An explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time?

   a.   Discovery issues.

      1.   As noted in the previous motion filed in this case, discovery in this case is extensive and involves thousands of pages of documents.  Due to work on the cases referenced in this motion, as well as other cases and work counsel has in the normal course of his legal practice, and given the relatively short time period involved in this case, counsel has not been able to engage in complete review of discovery in this case. However, based on documents provided by the government, counsel is aware that there are approximately 9 boxes of documents provided by Kansas University to the government in this case.  The documents are not generally organized in a searchable format, and will need to be reviewed by hand. This review is likely to take, at a minimum, at least 1-2 full days.

      2.   In addition, counsel has been provided documents from Kansas University on several discs, some of which is likely

to be critical in the case, and certainly necessary to examine. For example, there are e-mails involving defendants charged in this case, as well as alleged co-conspirators, which have been provided.  Over 12,000 pages of these e-mails involve Mr. Kirtland, while there is somewhere in the nature of 50,000 pages of e-mails involving co-defendants and alleged co-conspirators.  These e-mails involve the time period of the indictment, and given the given job description of the various individuals in this case, and the fact that the charges appear to be connected closely to work duties, review of these documents will be necessary prior to trial in this case. Review of these emails alone will likely take a full week of work.  Counsel simply will not be able to review such documents prior to the current trial deadline in this case, absent a continuance.  In light of these discovery related issues, Mr. Kirtland and counsel believe that an additional 30 days will provide time to go through these documents, determine whether pretrial motions are necessary, and otherwise prepare for trial.

b.     Other work involving Mr. Kirtland's counsel.

1.     *United States v. Bazan,* 09-CR-20135-KHV.

i.  As briefly described above, this is a case involving the poisoning of approximately 50 people in the Kansas City

area, and involves unusual issues of law, and forensic testing. The case also involves dozens of interviews, including numerous hours of audio-taped interviews. As mentioned above, trial in this case is set for April 4, 2011, and at this time it is likely that this case will be tried. Motions are due on January 28, 2011.

ii. In addition to the normal difficulties of reviewing discovery in a case such as Bazan, the review of discovery is made even more difficult by the fact that Mr. Bazan is in custody, speaks very little English, and the discovery, including review of the audio-taped interviews, must occur with the aid of an interpreter. Much of this review took place in December, but much more must take place, by necessity given the motion deadline, in January. In short, review of discovery and preparation for motions in Bazan will take much of counsel's time in January, involving at least 3-4 full days of work.

2. *United States v. Pryor,* 10-CR-1096-FJG.

i. Counsel represents Mr. Pryor, who is the lead defendant in a 6-defendant case involving a conspiracy to defraud the United States, fraud and trafficking related to identification documents. The case involves court ordered interception of hundreds of written and oral

communications, in a conspiracy regarding the alleged illegal purchases of hundreds of airline tickets. A proposed document entitled "stipulations and orders" has been circulated among counsel, and counsel expects it will be filed in the very near future. Once that order is filed motions are typically due within 10 days.

ii. In light of the anticipated motion deadline in this case, counsel intends to review much of the discovery in this case during January. Counsel estimates at least 2-3 full days in January will be necessary to review these materials, and go through them with Mr. Pryor

3. *United States v. Beecham, Burks & Harrison,* 10-CR-193-FJG, 10-CR-194-FJG, 10-CR-195-FJG.

i. Counsel represents Ms. Harrison, who is charged in 3 separate conspiracies which involve the same type of charges as were involved in the Pryor case. Discovery in this case also involves hundreds of pages of discovery, including interception of wire communications pursuant to a court order. Due to a motion deadline of January 28, 2011, review of discovery in this case will likely take several full days, and will need to be completed prior to January 28, 2011. Counsel estimates that at least 2-3 days in January will need to be committed to review of discovery in this case as well.

4.  *United States v. Ramirez,* 10-CR-103-DGK

    i.  This case involved tax evasion charges for 3 separate years involving an allegation of failure to report approximately $1.2 million in taxes.  This case was set for trial on January 10, 2011, and a pre-trial conference in this case was held in the Western District of Missouri on December 21, 2010.

    ii.  A pre-trial conference was held because it was anticipated that Mr. Ramirez's case was proceeding to trial, as pre-trial conferences are not routinely held in the Western District of Missouri in cases where a plea is anticipated.  The Ramirez case involved the review of several hundred pages of bank documents, IRS documents, and records kept by Mr. Ramirez's business.  Much of counsel's time in December was spent in reviewing these documents, and preparing for trial.  Based on new information received on December 21, 2010, and discussions with government counsel, a plea agreement was worked out, and Mr. Ramirez pled guilty on December 23, 2010.

5.  Primarily due to work on the Bazan and Ramirez cases, most of counsel's time in December was spent on these two cases.  Due to motion deadlines previously set, much of

counsel's time in January will of necessity be spent on the Bazan, Pryor and three Harrison cases, in addition to work reviewing discovery in this case, and counsel's other normal caseload.  This will make it impossible to adequately prepare for motions or trial in this case as set out in the scheduling order (Doc. 29) filed in this case on December 17, 2010.

4.     Explanation as to basis for request for a continuance.

Based on the content in the court's order denying the previous motion to continue, the statutory factors of 18 U.S.C. §3161(h)7, and the information required in *United States v. Toombs,* Mr. Kirtland will attempt to explain why a continuance is necessary in this case.

As this motion sets forth, there are approximately 62,000 pages of e-mails, in addition to a large number of other documents, which need to be reviewed with counsel prior to trial in this case. Given counsel's schedule, including work in the three cases involving Ms. *Harrison,* as well as the *Bazan, Pryor,* and other cases; it will be impossible for counsel to review this material in any significant way prior to the trial date currently set in this case.  The government's investigation of this case spanned many months, and undoubtedly the government has had sufficient time to review the documents it believed were necessary prior to the filing of the indictment in this case.  Mr. Kirtland believes that it is just as

important that he and his attorney review documents which are part of this investigation prior to the motion deadline and trial setting in this case.  Given counsel's work on other cases, and the extensive discovery in this case, a continuance of at least 30 days is requested, and is we believe appropriate under the circumstances.

18 U.S.C. 3161(h)(7)(B) lists factors which the Court may consider regarding a request for a continuance.  Section 3161(h)(7(B)(i) states that a continuance is appropriate where failure to grant additional time would result in a miscarriage of justice. Given the amount of discovery and time periods involved, we would suggest that failure to grant a continuance would fall into that category.  Section 3161(h)(7)(B)(ii) discusses the fact that complex and/or novel cases may justify a continuance.  Counsel would suggest that the charges in this case are unusual, if not novel, and make the issue of filing motions an area in which additional time is needed, and that such an extension of time as is sought here is appropriate.

5.    Sufficient information to make the specific findings necessary to rule that the need for a continuance outweighs the interest of the public and the defendant in a speedy trial under *Bloate v. United States*, 130 S.Ct. 1345 (2010).

Mr. Kirtland has requested not only a continuance of the trial date, and the motion deadline, but has asked that all time be

excluded including the time necessary to evaluate whether or not motions were appropriate.  In *Bloate*, the Supreme Court ruled that excluding time for the preparation of motions is within the court's discretion.  In determining whether or not a court can exclude time granted to prepare pre-trial motions, *Bloate* states that "the statutory scheme best insures that district courts may grant necessary pre-trial motion preparation time without risking dismissal."  130 S.Ct. at 1358.  The court noted that courts have "discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs."  *Bloate, Id.* (quoting *Zedner,* 547 U.S. at 499).

Mr. Kirtland would suggest that the continuance sought herein meets the requirements of the statute, and fully complies with the holdings of *Toombs* and *Bloate.*  First, there is a legitimate and articulated basis for a continuance in this case.  Counsel for Mr. Kirtland has provided factual background regarding the discovery in this case, and specifics regarding his representation of other defendants, which fully supports a finding that additional time is necessary for him to review the discovery in this case.  Given the fact that work-related documents are part of the discovery in this case, and the fact that the charges in this case arose in connection with the employment of the defendants, a continuance of the motion deadline to allow time to review the discovery would be

appropriate.   Based on the case-specific facts regarding this request, a continuance is appropriate.

In addition, while the public does have an interest in speedy trial, such interest should not be allowed to come to rights of a criminal defendant in this case.  It would be unjust and unfair to force a defendant to go to trial without having a reasonable opportunity to view the evidence in this case.  That Mr. Kirtland's request is reasonable seems obvious given counsel's schedule, this discovery in this case, the nature of this case, and the nature of his request.  This is Mr. Kirtland's first request for a continuance, and he has only requested an additional 30 days.  In the event that this causes scheduling problems to the Court, or any other party, or to witnesses, Mr. Kirtland would be happy to work with the court staff and counsel for other parties to schedule hearings, and/or trial, at a mutually convenient time.

For all of these reasons, Mr. Kirtland respectfully requests a continuance of at least 30 days of the motion schedule, and the trial schedule in the above-captioned case, for the reasons set forth herein.

Under 18 U.S.C. §3161(h)(7)(A) the Court may grant a continuance and a speedy trial exclusion for a period of time if the Court finds that the ends of justice served by granting a continuance outweighs the best interest of the public and the

defendant in a speedy trial.  Mr. Kirtland would request that the Court make such a finding.

Mr. Kirtland has been apprised of the need to request a continuance and is in agreement with counsel in seeking the continuance, and he understands that any period of delay caused by a continuance based on this motion is excluded from the time period mandated by the Speedy Trial Act of 1974.

**WHEREFORE**, Mr. Kirtland moves this Court to continue the motions deadline, briefing schedule and trial setting for at least 30 days, for the reasons set forth above. We believe that granting this first request for a continuance is appropriate given the case-specific reasons provided herein.

Respectfully submitted,

*/s/ Robin D. Fowler*

_____
Robin D. Fowler                              #11752
**BATH & EDMONDS, P.A.**
Historic Voigts Building
7944 Santa Fe Drive
Overland Park, Kansas  66204
(913) 652-9800; Fax (913) 649-8494
E-mail:  robin@bathedmonds.com
ATTORNEY FOR BEN KIRTLAND


## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties of record herein.

*/s/ Robin D. Fowler*

_____
Robin D. Fowler