IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
v.                                )    No.  10-10178-03-WEB
                                  )
BENJAMIN BOSTWICK KIRTLAND III,   )
                                  )
            Defendant.            )
                                  )
                                  )

**Memorandum and Order**

Movant Mary Jean Kirtland has filed a motion to set aside a restraining order previously entered by the court. The court concludes the motion should be denied.

Defendant Benjamin Kirtland was charged on November 17, 2010, with one count of conspiracy in violation of 18 U.S.C. §§ 371 & 1349.[1] On February 24, 2011, he pled guilty under a plea agreement that included a provision calling for entry of a $2 million forfeiture judgment. On March 15, 2011, the court entered a $2 million forfeiture judgment against the defendant, with the order to become final at the time of sentencing. Doc. 71. Sentence was imposed on May 12, 2011. The sentence also included an order for restitution of over $1.2 million.

On May 11, 2011, the day prior to sentencing, this court granted the Government's

---

[1] The Indictment included a forfeiture notice and allegation seeking a money judgment of between $3 million and $5 million. According to the briefs before the court, Ms. Kirtland first met with a divorce attorney on November 22, 2010, and filed a petition for divorce on January 25, 2011.

motion for a temporary restraining order prohibiting defendant Benjamin Kirtland, Mary Jean Kirtland, and/or any other person in participation with them, from transferring or otherwise encumbering the real and personal property set forth in a Property Settlement Agreement filed April 15, 2011, in the District Court of Johnson County Kansas, Case No. 11CV00712 [a divorce proceeding involving Ben and Mary Jean Kirtland], and the real and personal property set forth in a financial statement completed by the defendant on March 23, 2011.  Doc. 122.  The restraining order provided that it would remain in effect until further order of the court.  The Government's motion was premised on 21 U.S.C. § 853(g) and an assertion that the restraint was needed to protect the Government's interest in the property until it could be determined whether Mary Jean Kirtland was a bona fide purchaser for value without cause to believe the assets were subject to forfeiture, as well as the Government's interest in assuring that the defendant's assets were available to satisfy the forfeiture judgment.

On July 20, 2011, counsel for Mary Jean Kirtland filed a motion to set aside the restraining order.  Doc. 160.  The motion argued this court lacked personal jurisdiction over Mary Jean Kirtland and that the state court judgment approving the Kirtlands' property settlement was entitled to full faith and credit.  The motion noted the Government had not filed any action under 28 U.S.C. § 3304 to set aside the transfer as fraudulent, and it argued there was no evidence of an intent to defraud the United States.  It further argued § 3304 was not applicable because the divorce decree and property settlement "preceded any debt being incurred by Ben Kirtland to the United States...."  Doc. 160 at 2.  Movant argued the defendant's debt did not arise until sentencing on May 12, 2011.   In response, the United States asserted that the restraining order was entered against the property of Ben Kirtland, that it was necessary to

prevent the dissipation of assets owned by him either individually or jointly; that 21 U.S.C. § 853(g) authorized the order; that the order was necessary to prevent transfer of property interests recoverable by way of a motion for substitute assets pursuant to 21 U.S.C. § 853(p) or pursuant to a complaint for fraudulent transfer of property under the Federal Debt Collection Practices Act; that the order named and served Mary Jean Kirtland as an individual who might have possession of property of Benjamin Kirtland; and that nothing in the order prevents Ms. Kirtland from using her own assets to provide for her basic support while ownership of the assets in the transfer agreement is litigated.  The United States contends the restraining order is authorized by federal law to allow the U.S. to enforce its judgment against the defendant, and it says the principle of sovereign immunity mandates that the rights of the U.S. cannot be litigated in or abrogated by a state court proceeding.  "The bottom line is that the 'transfer' of the property from Defendant Kirtland to Mary Jean Kirtland in the property settlement cannot shield the property from collection by the United States pursuant to a motion for substitute assets or a complaint filed pursuant to the FDCPA." Doc. 198.  In reply, Movant Mary Jean Kirtland states that she does not object to any restraint on assets of Benjamin Kirtland, but does object to a restraint on "her own property which was set aside to her by the District Court of Johnson County, Kansas." Doc. 204 at 1.  She denies there was any fraudulent transfer of property, and takes issue with the Government's proposal for escrow of proceeds from sale of the marital residence, asserting that the proposal contravenes Kansas homestead laws.

     On August 10, 2011, the same day Ms. Kirtland filed her reply, the United States filed a complaint against the defendant and Mary Jean Kirtland seeking to avoid the transfer of property set forth in the Kirtlands' Property Settlement Agreement.  *United States v. Kirtland, et al.,* No.

11-4090-JTM (U.S. Dist. Ct., D. Kan.). The complaint alleges that Ben Kirtland made the foregoing transfers with the intent to hinder, delay or defraud the United States, without receiving reasonably equivalent value in return from Mary Jean Kirtland, an insider, and at a time when the defendant was insolvent. That case has been assigned to the Honorable J. Thomas Marten.

Having reviewed the circumstances, the court concludes that the restraining order should remain in effect, at least until the matter is addressed by Judge Marten. Section 853(g) of Title 21, U.S. Code, authorizes a restraining order to protect the interests of the United States after entry of a forfeiture judgment. The court entered a forfeiture judgment against the defendant on March 15, 2011, prior to his entering into the Property Settlement Agreement with Ms. Kirtland. The debt was thus in existence at the time of the transfer, although the judgment did not become final until later. The United States claims the defendant's transfer of property under that Agreement is void for fraud regardless of whether the transfer occurred before or after the debt arose. *See* 28 U.S.C. § 3304 (a) & (b). The United States has cited circumstances suggesting that the defendant transferred the bulk of his property to Ms. Kirtland pursuant to the Settlement Agreement, at a time when he was insolvent and subject to a $2 million debt to the United States, without receiving equivalent value in return. Contrary to movant's suggestions, the fact that the property settlement was adopted as part of a state court judgment does not preclude the United States from seeking to void the transfer as a fraudulent conveyance. *See* 28 U.S.C. §§ 3304 & 3306 (transfers that are fraudulent as to a debt to the United States may be voided). *See also United States v. Barrier Industries, Inc.*, 991 F.Supp. 678, (S.D.N.Y. 1998) (property settlement incorporated in state court divorce judgment does not automatically satisfy good faith defense in

28 U.S.C. § 3307).  *Cf. Canty v. Otto*, 2009 WL 3086475 (Conn.Super. 2009) (overwhelming majority of jurisdictions find that a divorce judgment is a transfer of assets under the Uniform Fraudulent Transfer Act).  The United States' allegations remain to be proven at this point, but it has cited circumstances that justify a temporary restraint on the property until the interests the various persons involved, including Mary Jean Kirtland, can be addressed by Judge Marten.

*Conclusion*.

The motion of Mary Jean Kirtland to set aside the restraining order (Doc. 159) is DENIED.  The restraining order entered by this court shall remain in effect pending further proceedings in Case No. 11-4090-JTM, and subject to any order entered by Judge Marten in that proceeding.

IT IS SO ORDERED this   16th    Day of August, 2011, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

5